IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLTON LEE AUDETTE,

    Petitioner,                   No. CIV S-11-1343 KJM CKD P

    vs.

GARY SWARTHOUT,

    Respondent.               ORDER

_____/

On August 22, 2011, petitioner's application for writ of habeas corpus under 28 U.S.C. § 2254 was dismissed without prejudice to petitioner receiving authorization from the Ninth Circuit Court of Appeals to proceed with a successive habeas petition. See 28 U.S.C. § 2244(b)(3). Petitioner now requests a certificate of appealability under 28 U.S.C. § 2253(c) with respect to that decision.[1]

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[1] Under Rule 11 of the Rules Governing Section 2254 Cases, a district court judge must either grant or deny a certificate of appealability when entering a final order in a § 2254 action. As indicated above, judgment was entered in this action on August 22, 2011. In the order dismissing the case, the court inadvertently did not address whether a certificate of appealability should issue.

1

§ 2253(c)(2). When, as here, the district court dismisses a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue when the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000).

For reasons stated in the findings and recommendations issued June 7, 2011, the court finds that jurists of reason would not find it debatable whether petitioner's habeas application is successive under 28 U.S.C. § 2244(b)(3). Therefore, a certificate of appealability will not be granted.

Petitioner also asks that the court appoint counsel to assist petitioner with obtaining a certificate of appealability. Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." <u>See</u> Rule 8(c), Fed. R. Governing § 2254 Cases. Again, it is clear a certificate of appealability should not issue so the "interests of justice" do not require the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's October 18, 2011 request for a certificate of appealability is denied; and

2. Petitioner's October 18, 2011 motion for appointment of counsel is denied.

DATED: January 26, 2012.

_____
UNITED STATES DISTRICT JUDGE

aude1343.801

2